UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUSH LITTLE BABY, LLC,
etc.,

      Plaintiff,

v.                                  CASE NO. 8:13-CV-2027-T-17AEP

CHERI CHAPMAN, et al.,

      Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 18    Motion to Quash Service of Summons and Motion for Dismissal With Prejudice
Dkt. 19    Opposition

      Defendant Cheri Chapman moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(5), insufficient service of process; Rule 4(m), failure to serve within 120 days; Rule 12(b)(2), lack of personal jurisdiction; and Rule 12(b)(3), improper venue.

      Plaintiff Hush Little Baby LLC ("HLB") opposes Defendant's Motion. Plaintiff argues that Defendant's Motion does not state Plaintiff's address, as required by Local Rule 2.03(a) in that only a P.O. Box is listed; therefore Defendant has not properly entered her appearance and Defendant's Motion is not properly before the Court.

      Plaintiff further argues that Defendant has not put any admissible evidence in the record regarding personal jurisdiction or sufficiency of service of process. Plaintiff argues that Defendant Chapman is getting her mail at the residence address where it

Case No. 8:13-CV-2027-T-17AEP

was sent by the Court, in that Defendant is now filing a response to Motions sent by the Court and by counsel to that address. Defendant Chapman has not filed proof of a residence apart from the one used at the time Defendant was working for Plaintiff.

Plaintiff argues that Plaintiff has placed admissible evidence in the record to indicate that personal jurisdiction of Defendant is proper in Florida, that venue is proper in the Middle District of Florida, and that Defendant was properly served under the Federal Rules of Civil Procedure. Plaintiff relies on the exhibits attached to Plaintiff's Motion for Default Judgment (Dkt. 16). As to Defendant's challenge under Rule 4(m), Plaintiff argues that Exhibit 3 (Dkt. 16-3) establishes that Defendant was served on February 1, 2014, within 120 days of the filing of the Complaint, August 5, 2013.

The Complaint in this case includes the following:

| | |
|---|---|
| Count I | Breach of Fiduciary Duty Under Maryland Law (Chapman) |
| Count II | Conspiracy to Tortiously Interfere With Economic Relations (New York Law)(All Defendants) |
| Count III | Tortious Interference With Economic Relations (Florida Law)(All Defendants) |
| Count IV | Extortion (Florida Law)(Chapman) |
| Count V | Defamation (Maryland Law)(Chapman) |
| Count VI | Unfair Trade Practices (Maryland, New York Law)(All Defendants) |
| Count VII | Theft of Property (Maryland Law)(Chapman) |

Plaintiff seeks the award of compensatory damages, the award of reasonable costs and attorney's fees, and the award of punitive damages. The basis of jurisdiction is diversity.

In the Complaint, Plaintiff alleges that on November 1, 2012, Defendant Chapman agreed to manage Plaintiff's regional operations in the Northeast for 50% of all regional profits, and thereafter Defendant Chapman appropriated the "Jane Doe" contract to Defendant by Defendant's work for a competing business, Defendant

2

Case No. 8:13-CV-2027-T-17AEP

Chapman deleted e-mails containing client information, client leads and historical business data from Plaintiff's Google drive, and otherwise interfered with Plaintiff's business by soliciting Plaintiff's caregivers, and appropriating the "Kate Doe" referral and other contracts to Defendant. Plaintiff further alleges that Defendant Chapman copied Plaintiff's contract to use for her own business efforts, and posted the template for HLB contracts and confidential client information in the public domain. Plaintiff further alleges that Defendant Chapman, in her official capacity and in her personal capacity has been contacting Florida care providers and making false statements about Plaintiff that are injurious. Plaintiff alleges that Defendant's actions have damaged the relationships between Plaintiff and its business partners, caregivers and its customers. Plaintiff further alleges that Defendant has continued to communicate to Haleigh Almquist, the owner of Plaintiff HLB, in Florida and threaten Plaintiff's business in order to extort payments to which Defendant is not entitled. Plaintiff terminated Defendant Chapman's employment with Plaintiff on June 23, 2013.

The other Defendants, Corinne Freesemann, Happy Baby Solutions and Rensom LLC have been dismissed with prejudice. (Dkt. 15).

Defendant Chapman was served on February 1, 2014. (Dkt. 12). The summons stated that within 21 days after service Defendant must serve an answer or Rule 12 motion on Plaintiff. Defendant Chapman did not file an Answer or other response within the time permitted. On May 9, 2014, after Plaintiff moved for entry of default judgment, Defendant Chapman filed this Motion.

A. Diversity Jurisdiction

The Complaint in this case is based on diversity jurisdiction. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. This obligation exists regardless of whether the parties have

challenged the existence of subject matter jurisdiction. See <u>University of South Ala. v. American Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999).

For a court to have diversity jurisdiction pursuant to 28 U.S.C. Sec. 1332(a), "all plaintiffs must be diverse from all defendants." <u>University of South Ala.</u>, 168 F.3d a 412. Diversity jurisdiction in a suit by a limited liability company depends on the citizenship of all the members of the limited liability company. <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1021-22 (11th Cir. 2004). In order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity. A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed and permanent home and principal establishment...to which he has the intention of returning whenever he is absent therefrom." <u>McCormick v. Aderholt</u>, 293 F.3d 1254, 1257-58 (11th Cir. 2002). "Citizenship, not residence, is the key fact that must be alleged...to establish diversity for a natural person." <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994).

In a separate Order, the Court has directed Plaintiff HLB to file an Amended Complaint which alleges all members of Plaintiff HLB and states their citizenship.

B. Local Rule 2.03(a)

Since Defendant Chapman can provide Defendant's residence address in addition to the P. O. Box mailing address, the Court finds it is not appropriate to strike Defendant's pleading. The Court **directs** Defendant Chapman to file a Notice to the Court which includes Defendant's residence address within fourteen days.

Case No. 8:13-CV-2027-T-17AEP

C. Fed. R. Civ. P. 4(m)

The Court notes that Plaintiff attempted service by mailing a Waiver of Service of Summons to Defendant Chapman on October 19, 2013 by certified mail, which was returned unclaimed. Thereafter, Plaintiff obtained another summons, and served Defendant by leaving the summons and complaint at Defendant's residence in accordance with Rule 4(e)(2)(B), leaving a copy of each [summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there.

Although February 1, 2014 is not within 120 days of the filing of the Complaint, filed on August 5, 2013, the Court finds that Plaintiff has shown good cause for not obtaining service within 120 days of the Complaint, and therefore **denies** Defendant's Motion to Dismiss as to that issue.

D. Fed. R. Civ. P. 12(b)(2)   Lack of Personal Jurisdiction

The Complaint states that Haleigh Almquist is a Founder and President of Plaintiff Hush Little Baby LLC, and her address is 6601 S. Westshore Blvd., #2418, Tampa, Florida, 33616. Plaintiff Hush Little Baby, LLC is a limited liability company which operates in Texas, Florida, Virginia, Maryland, and the District of Columbia.

Plaintiff HLB has alleged various tort claims against Defendant Chapman. The Court notes that a plaintiff seeking to establish personal jurisdiction over a nonresident defendant bears the initial burden of alleging sufficient facts in the complaint to make out a prima facie case of jurisdiction. The Court also notes that Defendant Chapman has not submitted affidavit evidence in support of her position, and Plaintiff has done so. (Dkt. 16-4). Where the defendant does not submit evidence for the purpose of determining personal jurisdiction, the Court takes the factual allegations of the

5

Complaint to be true.

To determine personal jurisdiction, the Court first determines whether Defendant's activities satisfy the Florida long-arm statute, and, if so, whether the extension of jurisdiction comports with the due process requirements of the Fourteenth Amendment.

Florida Statute Sec. 48.193(1) (a) (2) provides:

(1)(a)  A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself, and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:

......

2. Committing a tortious act within this state.

The Court applies the statute as the Florida Supreme Court would apply it, and is bound to adhere to the interpretations of Florida's long-arm statute offered by Florida's District Courts of Appeal, absent some indication that the Florida Supreme Court would hold otherwise. United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). "Florida's long-arm statute is to be strictly construed." Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 627 (11th Cir. 1996).

The Florida Supreme Court has held that a defendant's physical presence in Florida is not required to commit a tortious act within the state. Committing a tortious act in Florida can occur through the nonresident defendant's telephonic, electronic or written communications into Florida, as long as the cause of action arises from the

Case No. 8:13-CV-2027-T-17AEP

communications. Wendt v. Horowitz, 822 So.2d 1252, 1260 (Fla. 2002); Acquadro v. Bergeron, 851 Sol2d 665 (Fla. 2003).

In the Complaint, Plaintiff alleges that, in addition to other conduct, Defendant Chapman has been contacting Florida providers of care, has made false statements about Plaintiff that are injurious, and Defendant's actions have damaged the relationships between Plaintiff, its business partners, caregivers and its customers. Plaintiff further alleges that Defendant Chapman has continued to reach out to Haleigh Almquist, owner of Plaintiff Hush Little Baby LLC, in Florida and threaten her business in order to extort payments to which Defendant is not entitled. Plaintiff cites a communication from Defendant Chapman to Haleigh Almquist, which was intended to extort money from Plaintiff which Defendant Chapman was not legitimately owed. (Dkt. 1, p. 5, pars. 34-37). These allegations establish that Plaintiff has met the requirements of Florida's long arm statute as to Counts 4 and 5.

The Court must also consider the due process standard for cases which are based on specific jurisdiction. A state may exercise specific jurisdiction only over a defendant who has certain "minimum contacts" with the case, wherein the defendant has purposefully availed [himself or herself] of the privilege of conducting activities within the forum state, invoking the benefits and protections of its laws. Burger King v. Rudzewicz, 471 U.S. 462, 474-75 (1985). An exercise of jurisdiction that is unreasonable offends due process. To determine whether an exercise of jurisdiction is reasonable, the Court must consider the burden on the defendant, the interest of the forum State, and the plaintiff's interest in obtaining relief, as well as "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies." Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cnty., 480 U.S. 102, 113 (1987).

Case No. 8:13-CV-2027-T-17AEP

Defendant Chapman states that Defendant is not domiciled in Florida, was not served with process in Florida, does not consent to jurisdiction in Florida, has never had an office, agent or property in Florida. Defendant Chapman denies that Defendant has ever reached into Florida to solicit or initiate business.

Where a defendant has purposefully directed her activities at residents of the forum, and the litigation results from alleged injuries that "arise out of or relate to" the activities, the defendant could have reasonably anticipated being sued in the forum's court in connection with her activities there. Burger King, 471 U.S. at 472. In the Complaint, Plaintiff HLB alleged that Defendant Chapman communicated with Plaintiff's Florida caregivers, which Plaintiff alleges has damaged the relationships between Plaintiff, its business partners, its caregivers, and its customers. Plaintiff that Defendant Chapman "reached out" (Dkt. 1, par. 36) in some form to Haleigh Almquist in Florida, which Plaintiff alleges was intended to extort payments from Plaintiff to which Defendant Chapman was not entitled. Defendant's conclusory allegations do not rebut Plaintiff's affidavit and the allegations of the Complaint.

Plaintiff has met its burden of alleging sufficient facts in the Complaint to make out a prima facie case of jurisdiction. The Court therefore **denies** Defendant Chapman's Motion to Dismiss as to personal jurisdiction.

D. Fed. R. Civ. P. 12(b)(3)  Improper Venue

Defendant Chapman argues that, under Florida law, a defendant has the privilege of being sued either in the county of residence or in the county where the cause of action accrued. Defendant further argues that, pursuant to 28 U.S.C. Sec. 1391(b), which provides that the a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, the matters in question originated solely within the State of Maryland, with all personal

Case No. 8:13-CV-2027-T-17AEP

property in question situated in Maryland.

The cure for defects in venue is governed by 28 U.S.C. Sec. 1406, which provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The basis of jurisdiction is diversity. In the Complaint, Plaintiff alleges that venue is proper in this district pursuant to 28 U.S.C. Sec. 1391 because some activities giving rise to the Complaint occurred in Hillsborough County, Florida, in the Middle District of Florida.

Defendant Chapman does not reside in the State of Florida. The Court finds that venue is proper in this district pursuant to 28 U.S.C. Sec. 1391(b)(2), and therefore **denies** the Motion to Dismiss as to this issue.

E. Fed. R. Civ. P. 12(b)(5)   Insufficient Service of Process

Defendant Chapman moves to dismiss for insufficient service of process. Defendant Chapman denies that Defendant was served by mail, in person or at her residence. Defendant Chapman alleges that Defendant became aware of this case on May 7, 2014 via "text message." Defendant Chapman further argues that her husband denies being present on the date and time stated in the Affidavit of Service. Defendant Chapman argues that Defendant does not reside and has not resided with her husband for some time. Defendant Chapman states that Defendant Chapman as not living at the address where the Affidavit states Defendant was served at the time of service.

Case No. 8:13-CV-2027-T-17AEP

The Affidavit of Service (Dkt. 12) shows service on Defendant Chapman on February 1, 2014 at 470 Cardiff Court, Severna Park, MD, 21146 by handing the summons and Complaint to Jovana Chapman, Defendant Chapman's husband.

Defendant Chapman's Motion (Dkt. 18) states a different address: Cheri Chapman, P. O. Box146, 1123 Rte 3 N, Gambrills, MD, 21054.

Service on an individual may be made as follows:

1. By following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

2. Doing any of the following:

(A) Delivering a copy of the summons and complaint to the individual personally;

(B) Leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) Delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Insufficiency of service of process is treated as a "matter in abatement." Bryant v. Rich, 530 F.3d 1368 (11th Cir. 2008). A judge may consider facts outside the pleadings and resolve factual disputes so long as the factual disputes do not decide the merits of the case. In this case, Plaintiff HLB has filed evidence, the Affidavit of Service, to prove service; Defendant Chapman disputes Plaintiff's evidence in Defendant's Motion but did not provide any evidence on behalf of Defendant to support Defendant's assertions. There is nothing for the Court to resolve by means of an evidentiary hearing.

Case No. 8:13-CV-2027-T-17AEP

After consideration, the Court **denies** Defendant's Motion to Dismiss for insufficiency of service. The Affidavit of Service meets the requirements of Fed. R. Civ. P. 4(e)(2)(B).

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 24th day of March, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record