UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUSH LITTLE BABY, LLC,
etc.,

      Plaintiff,

v.                               CASE NO. 8:13-CV-2027-T-17AEP

CHERI CHAPMAN,
et., et al.,

      Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 16    Motion for Default Judgment for Unliquidated Damages Against Defendant Cheri Chapman

Plaintiff Hush Little Baby, LLC ("HLB") moves for a Default Judgment for Unliquidated Damages Against Defendant Cheri Chapman.

In the Complaint, Plaintiff HLB includes the following claims:

| | |
|---|---|
| Count I | Breach of Fiduciary Duty - Maryland Law - Chapman |
| Count II | Conspiracy to Tortiously Interfere with Economic Relations - New York Law - All Defendants |
| Count III | Tortious Interference With Economic Relations - Florida Law - All Defendants |
| Count IV | Extortion - Florida Law - Chapman |
| Count V | Defamation - Maryland Law - Chapman |

Case No. 8:13-CV-2027-T-17AEP

    Count VI    Unfair Trade Practices - Maryland Law and New York Law - All Defendants

    Count VII    Theft of Property - Maryland Law - Chapman

Plaintiff HLB states that Plaintiff obtained service on Defendant Chapman on February 1, 2014, Defendant Chapman did not file an Answer or any other responsive pleading to the Complaint within the time permitted, by March 1, 2014. Plaintiff HLB states that Plaintiff HLB is entitled to entry of a default judgment against Defendant Chapman on Counts 1 through 7 of the Complaint, and Plaintiff has suffered unliquidated damages in the amount of $136,350.00.

I. Jurisdiction

Plaintiff HLB alleges jurisdiction on the basis of diversity, 28 U.S.C. Sec. 1332, because "plaintiffs are residents of a different state from the defendants and because the value of the matter in controversy exceeds $75,000."

Plaintiff HLB is "Hush Little Baby, LLC, c/o Haleigh Almquist, 6601 S. Westshore Blvd., #2418, Tampa, FL, 33616."

For the purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020 (11th Cir. 2004). Plaintiff HLB has the burden of establishing jurisdiction.

Plaintiff HLB alleges that Defendant Chapman is a citizen of the United States and a resident of Maryland. In the Complaint, Plaintiff HLB does not identify all members of the Plaintiff limited liability company or allege their citizenship, and the Court cannot otherwise determine the other members and their citizenship from the

Case No. 8:13-CV-2027-T-17AEP

record. The Court therefore does not know if there is complete diversity. After consideration, the Court **directs** Plaintiff to file an Amended Complaint which identifies all members of Plaintiff HLB and alleges their citizenship.

II. Untimely Response to Service of Complaint

The Court notes that Defendant Chapman did not file a response to service on February 1, 2014 by March 1, 2014. However, after Plaintiff HLB filed a Motion for Default Judgment, Defendant Chapman, pro se, entering a special appearance, filed a Motion to Quash Service, and Motion for Dismissal with prejudice pursuant to Rule 4(m), Rule 12(b)(2), 12(b)(3) and 12(b)(5) on May 9, 2014.

Defendant Chapman moved for relief before the entry of a Clerk's default; the factual allegations of the Complaint have not been admitted. In this Circuit, there is a strong policy of deciding cases on the merits where reasonably possible. Perez v. Wells Fargo, N.A., 774 F.3d 1329 (11th Cir. 2014).

III. Request for Award of Unliquidated Damages

A defendant, by his default, admits a plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1308 (11th Cir. 2009). Under Florida law, a defendant still has the right to contest unliquidated damages, but no other issue, once a default has been entered against him. Banks v. SFRC Medical Dept. Officials, 2011 WL 900544 (S.D. Fla. 2011).

Plaintiff HLB did not move for entry of a Clerk's default pursuant to Rule 55(a). Plaintiff HLB moved for entry of a default judgment for unliquidated damages, based on the affidavit of Haleigh Almquist. (Dkt. 16-4).

3

Case No. 8:13-CV-2027-T-17AEP

The Court has directed Plaintiff HLB to file an Amended Complaint. Plaintiff HLB may renew Plaintiff's Motion for the Award of Unliquidated Damages after a Clerk's default has been entered. Accordingly, it is

**ORDERED** that Plaintiff's Motion for **Default Judgment** (Dkt. 16) is **denied** without prejudice. Plaintiff HLB **shall file** an Amended Complaint which alleges all members of Plaintiff HLB and their citizenship within fourteen days.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 24th day of March, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record